252

HEIRS OF JOSÉ ALFONSO QUIÑONES ET AL., Plaintiffs and Appellants, *v.* CENTRAL EUREKA INC., Defendant and Appellee.

No. 3630. Argued April 30, 1926.—Decided July 26, 1927.

*Arjona & Arjona* for the appellants. *José Sabater* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The trial court sustained a demurrer to the complaint and then rendered a judgment for the defendant from which the plaintiffs took this appeal, alleging that the court erred in sustaining the demurrer.

As the complaint is lengthy we shall epitomize its fundamental allegations. It was filed in August of 1924 and contains the following allegations: That the plaintiffs are the sole heirs of José Alfonso and Juan Quiñones y Quiñones, the two sons of José Marcial Quiñones born of his marriage with Inocencia Quiñones; that during the second marriage of José Marcial Quiñones with Cándida Quiñones she bought in 1882 from José María Quiñones his half interest in two properties, one of 300 acres known as Filial Amor and another of five acres, as described in the complaint, the fact that Cándida was married being recorded in the registry of property; that she mortgaged 50 acres out of the Filial

Amor property and half of the 5-acre property to her vendor as security for a deferred payment of a part of the purchase price, and in 1888, with the consent of her husband, she conveyed to José María Quiñones the two mortgaged properties in payment of her debt, the mortgage being canceled in the registry of property; that on the death of the husband of Cándida on September 23, 1893, there remained as community property some 100 acres of the Filial Amor property of which Cándida took possession together with the other community property as owned by her and made various negotiations with the property, whose registration was denied by the registrar because it appeared from the registry that she had acquired the property while married; that in order to legalize these transactions Cándida instituted in 1918 possessory title proceedings in regard to the 52 acres said to have been acquired as community property and described in the complaint as a part of the 100 acres left at the death of her husband, the proceedings having been approved and recorded in the registry with note of the fact that the property was her private property, for which reason there was no interest held therein by the other heirs of José Marcial Quiñones who, it was alleged, had received their share of the inheritance in a house situated in San Germán, this fact being denied in the complaint; that Cándida having died in the year 1918, the two children of her marriage named Francisco and Cándida Quiñones y Quiñones were declared to be her heirs and in their names the property of 52 acres was recorded; that the Central Eureka, Inc., the defendant in this action, acquired the property in June of 1922, after the filing in the same court by the plaintiffs herein of an action for the recovery of inheritance against several defendants, among whom was the same Central Eureka, Inc., after that complaint had been recorded in the registry of property of San Germán and notice thereof had been served on the Central Eureka, Inc., the complaint setting up as facts constituting a

cause of action all of the facts alleged in the present complaint in revendication; that the plaintiffs own a fourth interest in the aforesaid 52 acres, which fourth interest has produced fruits since 1893, when José Marcial Quiñones died, at the rate of $350 annually. Resting on these allegations and others which are not of importance now, the plaintiffs prayed for a judgment in their favor declaring them to be the sole and exclusive owners of a joint ownership of a fourth interest in the property of 52 acres and that the Central Eureka, Inc., be adjudged to acknowledge the existence of that condominium and pay to the plaintiffs the sum of $21,700 with interest thereon at the legal rate from the date of filing the complaint.

The grounds of demurrer set up by the defendant were (1) lack of facts in the complaint to determine a cause of action; (2) defect of parties defendant; (3) that the action of revendication asserted in the complaint had prescribed because from 1893 when José Marcial Quiñones died to the filing of the complaint more than thirty years had elapsed, which also shows that under the provisions of section 1860 of the Civil Code the defendant has acquired ownership of the property by extraordinary prescription, and (4) *res judicata* as between the parties.

As the complaint alleges that Cándida Quiñones bought the properties during her wedlock and therefore according to the law a property thus acquired is presumed to belong to her conjugal partnership with José Marcial Quiñones, for there is no allegation in the complaint to destroy that presumption; as it is therein stated that the property of 52 acres, the subject of this suit, is a part of the property known as Filial Amor which was acquired by her through that purchase; as, on the death of Quiñones, his children by his first marriage, from whom the plaintiffs herein claim to derive their right, were entitled to a fourth interest in the conjugal property left by their deceased father as his heirs together

with the other two children by his second marriage, the other half belonging to the widow, and as that property is now in the possession of the Central Eureka, Inc., it seems clear that the complaint states facts constituting a cause of action in favor of the plaintiffs.

There is no defect of parties defendant, for if, as alleged, the predecessors in interest of the plaintiffs owned a fourth part of the community property existing on the death of their father, they have an action of revendication against the Central Eureka, Inc., in possession of the property, although the Eureka may have acquired it by purchase, and it is not required that the plaintiffs make defendants in this action the persons who sold it or the heirs of Cándida, even though by her prosecution and recording of the possessory title proceedings she converted into her private property what had been the property of the predecessors in interest of the plaintiffs, as their title originated in the death of José Marcial Quiñones and not in the nullity of the possessory title proceedings.

Nor has the defendant good ground for the plea of prescription, because until 1918 when through the possessory title proceedings the property of 52 acres in litigation became the separate property of Cándida the plaintiffs had therein the condominium claimed by them, and from that time until 1924 when this action was brought the thirty years which under section 1864 of the Civil Code are necessary for the prescription of actions on real property had not elapsed, nor a similar period of time required by section 1860 to acquire the ownership of that kind of property by extraordinary prescription. Nor would the action have prescribed or the ownership have been acquired if the time for prescription had to be computed from 1893 on the death of José Marcial Quiñones from whom the plaintiffs derive their rights, as alleged by the defendant, for in 1922 the plaintiffs instituted in the same district court an action claiming the inheritance

on the same grounds as in the present action, as stated in the complaint, the Central Eureka, Inc., being a defendant therein together with others, and on that thirty years had not elapsed from September, 1893, thus interrupting the prescription of the action and the time within which to acquire by extraordinary prescription under sections 1874 and 1846 of the Civil Code. Although the former was an action claiming an inheritance and the latter one in revendication, both had as their object the acknowledgment of rights which the plaintiffs allege to hold in the property of 52 acres as heirs of José Marcial Quiñones.

The plea of *res judicata* was not justified in this action as a demurrer to the complaint because the pleadings do not show how the former action had terminated or state the questions therein determined in order to show whether or not there had been *res judicata* as between the parties. The demurrer to a complaint must be based on allegations contained therein, and it is not proper to base them on facts appearing from other records, as was done in this case by the defendant, by the trial court and even by the plaintiff-appellants who have brought into this appeal facts from another action and have based thereon a great part of their argument.

For the foregoing reasons the judgment appealed from must be reversed and the case remanded for further proceedings.